MAXWELL, Plaintiff-Appellant, v. THE CHEW PUBLISHING COMPANY, Defendant-Appellee.

Ohio Appeals, Second District, Greene County.

No. 486. Decided May 17, 1945.

H. C. DeRan, Fremont, and Frank Dean, Xenia, for plaintiff-appellant.

Messrs. Landis, Ferguson, Bieser & Greer, Dayton, for defendant-appellee.

## OPINION

By MILLER, J.

This is an appeal on questions of law from the Common Pleas Court of Greene County, Ohio.

The action was one for personal injuries sustained by the plaintiff-appellant, Jessie D. Maxwell, while walking on a sidewalk in the city of Xenia, Ohio, when a screen door, belonging to the defendant and which had been standing against a pole at the outer edge of the sidewalk, was blown over, striking and injuring the plaintiff.

The matter was heard before the Court and a jury, and at the conclusion of the evidence for the plaintiff, the Court took the case away from the jury and directed a verdict in favor of the defendant. A motion for new trial was overruled and appeal is now prosecuted in this Court.

The facts disclose that the Chew Publishing Company, defendant-appellee, operates a newspaper in its building on South Detroit Street, Xenia, Ohio, and in this building are also located the offices of the Western Union Telegraph Company and Anderson Insurance Company. The building is a business building and extends to the edge of the sidewalk. There had been a fire in the building and the Chew Publishing Co. had contracted for its repair, which included the repainting of the inside and outside of the building. The contract for the painting had been let to Clarence Coulter who had approximately eight men working for him. Mr. Coulter was an independent contractor on this job, working on a cost plus basis. In the course of the painting it became necessary to paint a screen door that was in a doorway of a recessed door on South Detroit Street. One of the painters took the door off the hinges and set it against the telephone or telegraph pole on South Detroit Street, and while the plaintiff was using the sidewalk in going to the Anderson Insurance Agency to transact some business, the wind blew the screen door over on her and injured her. The extent of her injuries is not material, however, for the purpose of this appeal.

The sole question for our determination it would seem is whether or not the painting operation upon the interior and exterior of this building was an inherently dangerous one.

The law seems to be well settled and clear in this state that where danger to others is likely to attend the doing of certain work, unless care is observed, a person having it to do, is under a duty to see that it is done with reasonable care, and cannot, by the employment of an independent contractor relieve himself from liability for injuries resulting to others from the negligence of the contractor or his servants.

The plaintiff seems to rely upon the case of **Richman Brothers v Miller, 131 Oh St 424,** the syllabus of which reads as follows:

"1. Where danger to others is likely to attend the doing of certain work unless care is observed, a person having it to do is under a duty to see that it is done with reasonable care and cannot, by employment of an independent contractor, relieve himself from liability for injuries resulting to others from the negligence of the contractor or his servants.

2. When a person employs a contractor to do work in a place where the public are in the habit of passing, which work will, unless precautions are taken, cause danger to the public, an obligation is thrown upon the person who orders the work to be done to see that reasonable precautions are taken to prevent injury.

3. The duty to refrain from interfering with the right of the public to safe and unimpeded use of the highways and streets is one of which an employer cannot divest himself by committing the work to a contractor.

4. One who erects and maintains a large electric sign projecting over the street from his building has a duty to prevent its becoming a cause of danger to the traveling public by reason of any defect * * *. Such duty arises from the danger to others incident to the maintenance of such sign and the performance of any work in its repair where located, which duty he cannot avoid or shift to another by means of any contract."

This case states the law in Ohio definitely and clearly, and the question now arises as to whether or not the operation in the painting of this building was inherently dangerous, and if so the Court was in error in instructing the jury to return a verdict for the defendant.

The plaintiff also refers to the cases **Hawver v Whalen, et al., 49 Oh St 69; Covington & Cincinnati Bridge Co. v Steinbrook, et al., 61 Oh St 215; and the Globe Indemnity Co. v Schmitt, 142 Oh St 595..** These cases all support the general rule of law laid down in the **Richman Brothers case, supra.**

In·all of these cases the work performed was of such a nature that unless reasonable care was exercised, personal injuries would naturally result. For instance, in the case of **Hawver v Whalen, supra,** an excavation was made by the defendants in a sidewalk of a public street. The Court said that the danger was of their own creation and they should be bound to provide against it and not be allowed to abandon the duty to the contractor or his servants.

In the Richman Brothers case, supra, the painting of a large electric sign which hung out over the sidewalk was the subject of the action and naturally unless reasonable care would be exercised by the workmen, material might be dropped upon the pedestrians below.

In the case of **Covington & Cincinnati Bridge Company v Steinbrook,** supra, a building had been destroyed by fire and one of the brick walls had been so damaged as to be a menace to the public. The defendant was ordered by the building inspector to take the wall down. In so doing, the wall, by reason of the negligence of the contractor in attempting to pull it down, fell outward upon and injured the property of the plaintiff, situated across an alley from the wall. This was naturally a very hazardous undertaking.

In the instant case the Chew Publishing Company did not commit to Mr. Coulter work to be done from which mischievous consequences would arise unless precautionary measures were adopted, but rather contracted with him to do painting work for which, if properly done, no injurious consequences could arise. The screen door involved here was on a doorway sitting back several feet from the sidewalk and there was nothing inherently dangerous to the public in its painting. The usual procedure, it would seem, in painting a door of this kind would be to do so without even removing it from its hinges. To remove the screen door and carry it out upon the sidewalk to dry was certainly not an act within the contemplation of nor reasonably to be anticipated by this defendant.

In the case of **Bedford v City of Cleveland Heights, 18 O O 319,** Judge Lausche said:

"The law in Ohio also seems to be clearly established that the immunity against liability of a principal when work has been let to an independent contractor, does not apply when injury to a third person is the direct or natural result of the contemplated manner and method of doing the work, and not as the result of the negligent acts of the supposed independent contractor. If injuries are naturally to follow the

542

performance of the work in the manner and method purposed by the contract and not as a consequence of the separate negligence of the contractor, the employer is liable for the resulting damages."

It is our conclusion that the injury to this plaintiff was proximately caused by the separate negligent act of the employee of the independent contractor and not as a natural result of the contemplated manner of doing the work. There was nothing inherently dangerous about painting a screen door. It was the act of the contractor's employee in carrying the screen to the sidewalk and placing it against a pole near the curb which created the danger. Under this situation the exception to the general rule does not apply, and the Court was correct in directing a verdict for the defendant.

The trial court in overruling the motion for a rehearing wrote a lengthy and very well considered opinion which we think correctly states the law in Ohio.

The judgment of the trial court is affirmed.

HORNBECK, P. J., and GEIGER, J., concur.